IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ORTEGA §<br>    *Plaintiff*, §<br>  §<br>v. §<br>  §<br>DITOMMASO INC., DATA KING OF §<br>NEW YORK INC., AND §<br>MERIDIAN SERVICES L.L.C. §<br>    *Defendants*. § | Case No. 5:24-cv-369-JKP-ESC |

**DEFENDANT DITOMMASO INC.'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**TO THE HONORABLE COURT:**

COMES NOW, Defendant DiTommaso Inc. ("DiTommaso") and files this Motion to Dismiss for Failure to State a Claim against Plaintiff Mark Ortega ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) and this Court's local rules. In support of this Motion, DiTommaso would show this Court, as follows:

### I.   INTRODUCTION

Plaintiff's claims arising under the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code ("TBCC") fail as a matter of law. Specifically, Plaintiff alleges that DiTommaso violated the TCPA's Automatic Telephone Dialing System ("ATDS") prohibition (47 U.S.C. § 227(b)), the TCPA's Do Not Call ("DNC") provisions (47 U.S.C. §227(c)), and § 302.101 of Texas Business and Commerce Code's ("TBCC") restrictions on illegal telephone solicitations. However, Plaintiff's Second Amended Complaint fails to plausibly state a claim upon which relief may be granted under the TCPA. Further, Plaintiff specifically requested to receive the two text messages in this litigation, thus consenting to the communications at issue. *See* Comp. ¶ 18, ECF 1.

First, Plaintiff's threadbare ATDS allegations fail because Plaintiff does not properly allege that any party used an ATDS under the prevailing standard. Indeed, the definition of ATDS has been clarified by the Supreme Court of the United States and affirmed by multiple Circuit Courts as equipment which uses a random or sequential number generator to produce telephone numbers to be called. Plaintiff entirely fails to allege the use of a random or sequential number generator in his ATDS allegations, so his ATDS claim under 47 U.S.C. § 227(b) must fail.

Furthermore, the TCPA's applicable DNC provisions restrict only the making of ***more than one*** "telephone solicitation." *See* 47 U.S.C. § 227(c)(5); *see also* 47 C.F.R. 64.1200(c). Indeed, a single call is not a violation of the DNC prohibition. 47 U.S.C. § 227(c)(5). As such, Plaintiff cannot demonstrate a telephone solicitation was made, and his claim fails. *See Suttles v. Facebook, Inc.*, 461 F.Supp.3d 479 (W,D, Tex. 2020) (holding that failure to allege facts demonstrating telephone solicitation is fatal to TCPA DNC claims). Because Plaintiff's Second Amended Complaint only alleges that he received a single phone call and otherwise consented to the two text messages he received, his Second Amended Complaint must be dismissed.

For the same reasons listed above, Plaintiff's claims pursuant to the Texas Telephone Solicitation Act must fail.

Finally, Plaintiff's Tex. Bus & Com. Code § 302.101 claim also fails because § 302.061 exempts liability for an "isolated transaction." Because Plaintiff alleges only one single telephone call was placed, the call fits squarely within the exemption. As such, Plaintiff's § 302.101 claim against DiTommaso should be dismissed, with prejudice, as an isolated phone call is exempt from liability under § 302.061.

Given these deficiencies, Plaintiff's Second Amended Complaint does not state a claim upon which relief can be granted. For these reasons, and as further detailed below, DiTommaso

respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint with prejudice.

## II.   STATEMENT OF RELEVANT FACTS

On February 29, 2024, Plaintiff allegedly received one (and only one) telemarketing call from Meridian Services, LLC ("Meridian"). Am. Comp. ¶ 25, ECF 16. Plaintiff vaguely alleges without factual support or evidence that the "dialing system used possessed the present capacity to store or produce telephone numbers and dial those numbers automatically." Am. Comp. ¶ 27, ECF 16.

Notably, Plaintiff does not allege that DiTommaso placed the call. But rather, Plaintiff concedes that Meridian placed the call and DiTommaso was not identified through the CallerID. Am. Comp. ¶ 29, ECF 16. Plaintiff further concedes that DiTommaso was also not identified on the phone call. Am. Comp. ¶ 29, ECF 16. Plaintiff stayed on the call while the customer representative asked Plaintiff questions regarding business loans. Am. Comp. ¶ 30, ECF 16. Plaintiff further alleges that the phone call was transferred to Remy Pastorelli, a purported owner with the RCN Group, who spoke to Plaintiff about a "line of credit." Am. Comp. ¶ 31, ECF 16.

Plaintiff also alleges that ***he specifically requested*** that Mr. Pastorelli send Plaintiff the business's contact information via text messages. Comp. ¶ 18, ECF 1. Stated differently, consent was provided because "Plaintiff asked for Pastorelli to send the business's contact information via text message." Comp. ¶ 18, ECF 1. After providing consent, Plaintiff allegedly received two text message from Mr. Pastorelli on the same day stating "'this is Remy Pastorelli with The RCN Group' and "[w]e just spoke before I don't know if you remember me . . . line of credit guy here.'" Am. Comp. ¶¶ 31-32, ECF 16.  In an effort to hide the fact that Plaintiff provided consent to be contacted, Plaintiff removed his admission from subsequent amended pleadings.

3

Plaintiff's Second Amended Complaint only alleges a single phone call made by another party, not DiTommaso. Accordingly, Plaintiff has failed to plausibly allege causes of action under the TCPA or the TBCC.

### III.   LEGAL STANDARD

**A.  *Standard for dismissal pursuant to FRCP 12(b)(6).***

To survive a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678. Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Whitney Nat. Bank v. Delfre*, No. CIVA H-08-366, 2008 WL 2323237, *1 (S.D. Tex. June 2, 2008).

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added). To that end, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc., Etc.*, 407 F.3d 690, 696 (5th Cir. 2005) (emphasis added). Thus, a complaint must include sufficient facts to indicate the facial plausibility of the claims asserted beyond "shear speculation." *Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 468-70 (W.D. Tex. 2011). In other words, the factual allegations must allow for an inference of "more than a 'sheer possibility' a defendant has acted unlawfully." *Id.* (emphasis added) (internal citations and quotations omitted).

## IV.     ARGUMENT AND AUTHORITY

**A. *Plaintiff's lawsuit against DiTommaso should be dismissed pursuant to FRCP 12(b)(6) because Plaintiff failed to state a claim for which relief may be granted.***

Plaintiff's claims must be dismissed, because he fails to state a claim upon which relief may be granted under the TCPA and the TBCC. In his Second Amended Complaint, Plaintiff does not plausibly allege that an ATDS was used by DiTommaso to place the phone call or send the two requested text messages he allegedly received from DiTommaso. Additionally, Plaintiff fails to allege that he received "more than one" phone call from DiTommaso, and the two text messages Plaintiff identified does not qualify as a telephone solicitation because Plaintiff specifically requested the text messages. Comp. ¶ 18, ECF 1. ("Plaintiff asked for Pastorelli to send the business's contact information via text message."). Finally, Plaintiff did not sufficiently plead a cause of action under the TBCC § 302.101 because DiTommaso is not a "telephone solicitor" under that statute and the phone call qualifies as an "isolated" transaction exempt from liability.

**1.     Plaintiff's TCPA 47 U.S.C. § 227(b) claim should be dismissed pursuant to FRCP 12(b)(6), because Plaintiff did not plausibly allege the use of an ATDS.**

Plaintiff's TCPA 47 U.S.C. § 227(b) claim against DiTommaso should be dismissed, because he failed to plausibly state a claim under the TCPA as it relates to DiTommaso. The provisions of the TCPA under which Plaintiff sued restricts calls to a party's cellular telephone: (i) utilizing an ATDS; or (ii) using an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A)(iii); 47 U.S.C. § 227(b)(1)(B).

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The Supreme Court of the United States has

5

definitively resolved any debate about what constitutes an ATDS under the TCPA. *Facebook Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021). In *Facebook*, the Court held:

> The question before the Court is whether that definition encompasses equipment that can 'store' and dial telephone numbers, even if the device does not 'us[e] a random or sequential number generator.' It does not. To qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.

*Id.*

*Facebook* is clear. In order to plausibly state an ATDS cause of action, the telephone equipment must utilize a random or sequential number generator to store or produce a telephone number to be called. *Id*. On November 16, 2022, the Ninth Circuit agreed with the *Facebook* interpretation of ATDS. *See Bordon v. eFinancial, LLC*, No. 21-35746, 2022 WL 16955661, at *2 (9th Cir. Nov. 16, 2022). Specifically, the Ninth Circuit held that an ATDS "must randomly or sequentially generate telephone numbers . . . ." *Bordon*, 2022 WL 16955661, at *2. Indeed, "the statute make[s] clear that an [ATDS] must be able to generate and dial random or sequential number phone numbers . . . ." *Id.* at *4. *See also Soliman v. Subway Franchisee Advert. Fund Tr., LTD.*, 101 F.4th 176, 185 (2d. Cir. 2024) (adopting the *Facebook* interpretation of ATDS); *Perrong v. Montgomery Cnty. Democratic Comm.*, No. 23-2415, 2024 WL 1651274, at *2 (3d Cir. Apr. 17, 2024) (adopting the *Facebook* interpretation of ATDS).

Simply alleging the use of an ATDS, without more, is insufficient to sustain Plaintiff's claim. Plaintiff merely claimed that "[t]he distinct pause and delay before a live representative answered Plaintiff's call demonstrates that the dialing system used possessed the present capacity to store or produce telephone numbers and dial those automatically." Am. Comp. ¶ 27, ECF 16. This is the exact ATDS interpretation rejected by the Supreme Court, the Ninth Circuit, and the Second Circuit. Plaintiff does note allege that the system had the capacity to dial or store a

6

telephone number using a "random or sequential number generator." *Facebook Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021); *see also Bordon*, 2022 WL 16955661, at *2; *Soliman*, 101 F.4th, at 185. Therefore, Plaintiff's allegations fail to support a reasonable inference of the use of an ATDS with the capacity to randomly or sequentially store or produce telephone numbers. *See e.g., Atkinson v. Pro Custom Solar LLC*, 2022 WL 4071998, at *8 (W.D. Tex. Sept. 1, 2022) (granting summary judgment in favor of defendant whose plaintiff **did not provide evidence of random and sequential number generation**).

Plaintiff wholly failed to allege the use of a random or sequential telephone number generator, failing to even mention the phrase. Accordingly, his 47 U.S.C. § 227(b) claim must be dismissed.

> **2.    Plaintiff's TCPA 47 U.S.C. § 227(c) claim should be dismissed pursuant to FRCP 12(b)(6), because Plaintiff did not plausibly allege a violation of the TCPA's DNC prohibitions.**

Plaintiff's allegations pursuant to the TCPA's DNC prohibitions should be dismissed because Plaintiff fails to allege receipt of more than one call from DiTommaso and because Plaintiff fails to allege more than one telephone solicitation. Section 227(c)(5) of the TCPA authorizes suit when a Plaintiff receives *two or more calls* in violation of the FCC's DNC regulations within a one-year period. 47 U.S.C. §227(c). The applicable regulation bans "telephone solicitations" to numbers registered on the national DNC list. *See* 47 CFR §64.1200(c)(2).

> (a)    **Plaintiff only pleads receipt of only one phone call from DiTommaso, so his Second Amended Complaint must be dismissed.**

Section 227(c) grants a right of private action to a "person who has received **more than one telephone call** within any 12-month period by or on behalf of the same entity . . . ." 47 U.S.C. § 227(c)(5); *see also Atkinson v. Pro Custom Solar LLC,* No. SA-21-CV-00178-OLG, 2022 WL 4071998, at *4 (W.D. Tex. Sept. 1, 2022). "This language is critical as it does not permit

the recovery of damages in a private right of action for Section 227(c) violations arising out of the first call to a person within any 12-month period." *Shields v. Gawk Inc.,* No. 3:18-CV-00150, 2019 WL 1787781, at *4 (S.D. Tex. Apr. 24, 2019), report and recommendation adopted, No. 3:18-CV-00150, 2019 WL 2103423 (S.D. Tex. May 14, 2019). "No private right of action accrues . . . unless and until [a telemarketer] telephones a party more than once in any twelve-month period . . . ." *Id.* "Pursuant to the clear language of Section 227(c)(5), [Plaintiff] is not entitled to compensation for the first" call made in violation of the DNC prohibition of the TCPA. *Id.*

Here, Plaintiff only alleges and identifies a single telephone call in his Second Amended Complaint that he received from another party, not DiTommaso. Am. Comp. ¶ 25, ECF 16. Plaintiff alleges that he answered "the" call on February 29, 2024, and that during "the" call Plaintiff spoke to Mr. Pastorelli regarding a line of credit. Am. Comp. ¶¶ 26-27, ECF 16. Plaintiff does not allege that any other telephone call was placed. Additionally, the two follow up text messages ***were sent as a result of Plaintiff's request for DiTommaso's*** business information. Comp. ¶ 18, ECF 1. ("Plaintiff asked for Pastorelli to send the business's contact information via text message."). While Plaintiff conveniently omits providing his consent in subsequent pleadings, his factual assertion cannot be forgotten. Indeed, Plaintiff's sole purpose in removing the admission that he provided his consent to be contacted was to avoid dismissal and make his Complaint more vague, rather than adding specificity. Because Plaintiff only pled receipt of a single telephone call from Meridian—not DiTommaso—he has not plausibly stated a claim under the TCPA's DNC prohibitions for which relief may be granted. Accordingly, Plaintiff's Section 227(c) claim fails, and must be dismissed.

(b) **Defendant DiTommaso is not vicariously liable for the single phone call placed by Meridian.**

"[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship ... between the defendant and a third-party caller." *Hunsinger v. Dynata LLC*, No. 3:22-CV-00136-G-BT, 2023 WL 2377481, *5 (N.D. Tex. Feb. 7, 2023), report and recommendation adopted, No. 3:22-CV-0136-G-BT, 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023) (quoting *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), aff'd, 136 S. Ct. 664 (2016)) (citation omitted).

"An agency relationship exists where a principal 'manifests assent to [an agent] ... that the agent shall act on the principal's behalf and subject to the principal's control.'" *Id*. (citing *Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039, at *4 (E.D. Tex. Aug. 8, 2019) (quoting Restatement (Third) of Agency § 1.01 (Am. L. Inst. 2006))). Based on traditional agency law principles, the determination of vicarious liability hinges on the degree of control the principal exercises over its agent. *Horton v. Palmer Admin. Servs. Inc.,* No. 3:20-CV-3526-X-BN, 2021 WL 8014654, at *6 (N.D. Tex. June 8, 2021) (citing *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018); *Chinitz v. NRT West, Inc.*, No. 18-CV-06100-NC, 2019 WL 4142044, *4-5 (N.D. Cal. Aug. 30, 2019)). "To prove the existence of an agency relationship, the principal must have 'both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task.'" *Cunningham v. Daybreak Solar Power, LLC,* No. 4:22-CV-00599-O, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023) (citing *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 WL 10285659, at *3 (W.D. Tex. Aug. 10, 2020) (quoting *Indian Harbor Ins. Co. v. Valley Forge Ins. Grp.*, 535 F.3d 359, 364 (5th Cir. 2008))).

Courts in the Fifth Circuit routinely dismiss TCPA claims where the plaintiff fails to allege facts sufficient to establish plausibly the existence of an agency relationship between the

9

non-calling defendant and a third-party actual caller. *See Hunsinger v. Dynata LLC,* No. 3:22-CV-00136-G-BT, 2023 WL 2377481 (N.D. Tex. Feb. 7, 2023), report and recommendation adopted, No. 3:22-CV-0136-G-BT, 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023) (dismissing the plaintiff's TCPA claim partly due to the plaintiff's failure to sufficiently plead vicarious liability); *Hunsinger v. 204S6TH LLC,* No. 3:21-CV-2847-G-BH, 2022 WL 1110354 (N.D. Tex. Mar. 23, 2022), report and recommendation adopted, No. 3:21-CV-2847-G-BH, 2022 WL 1102864 (N.D. Tex. Apr. 13, 2022) (granting the defendant's motion to dismiss because the plaintiff's complaint merely stated, without detail, that the defendants might be liable due to "vicarious liability principles", but it did not provide evidence of any connection between the caller and the defendant, or suggest that the calls were made on the defendant's behalf.); *Powers v. One Techs., LLC,* No. 3:21-CV-2091, 2022 WL 2992881, *3 (N.D. Tex. July 28, 2022) (dismissing TCPA claim "because the plaintiffs have failed to sufficiently allege that One Technologies is vicariously liable for the acts of its agents").

Three common law agency theories may provide a basis for vicarious liability for TCPA violations: 1) actual or formal authority, 2) apparent authority, and 3) ratification. *Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039, at *4 (E.D. Tex. Aug. 8, 2019).

Here, the factual allegations do not plausibly allege the existence of any agency relationship between DiTommaso and Meridian, and the facts provided by Plaintiff in an attempt to accomplish this are nothing more than unsupported conclusions. *Callier v. Nat'l United Grp., LLC,* No. EP-21-CV-71-DB, 2021 WL 5393829, at *2 (W.D. Tex. Nov. 17, 2021) ("To meet the requirements of Rule 8, a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.' A claim has facial plausibility when [a plaintiff] pleads factual content that allows the court to draw the reasonable inference that the [defendant] is liable for the misconduct

alleged.") (citations omitted); *Cunningham v. Kondaur Cap.,* No. 3:14-1574, 2014 WL 8335868 (M.D. Tenn. Nov. 19, 2014), report and recommendation approved, No. 3:14-CV-01574, 2015 WL 1412737 (M.D. Tenn. Mar. 26, 2015) ("[T]he mere possibility that a defendant may be vicariously liable is not sufficient to state a claim for relief, and pleading facts that are merely consistent with liability is not enough.") (citing *Iqbal*, 556 U.S. at 678).

### 1. Plaintiff Has Failed To Sufficiently Plead Defendant Is Liable Based On Actual Authority.

"Actual authority exists if the agent has been granted authority to act on the behalf of the principal 'either expressly or by implication.' Actual authority 'focuses on communications and contacts between the principal and the agent.'" *Asa-Brandt, Inc. v. ADM Investor Servs., Inc.*, 344 F.3d 738, 749 (8th Cir. 2003) (quoting *AgriStor Leasing v. Farrow*, 826 F.2d 732, 738 (8th Cir. 1987)). "An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Restatement (Third) of Agency* § 2.01.

To show actual authority, Plaintiff must allege sufficient, non-conclusory facts to show that DiTommaso gave specific communications to Meridian to place unsolicited calls to consumers who were on the National DNC Registry. *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018) ("Actual authority is limited to actions 'specifically mentioned to be done in a written or oral communication' or 'consistent with' a principal's 'general statement of what the agent is supposed to do.'") (quoting *Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 940 (9th Cir. 2017)). Merely alleging vague statements of general control over a would-be agent is not sufficient—rather, facts demonstrating actual permission to engage in the injury producing conduct or actual control over that conduct must be alleged. *Id*.

Here, the factual allegations do not plausibly allege an agency relationship between DiTommaso and Meridian, and the facts provided by Plaintiff in an attempt to accomplish this are nothing more than unsupported conclusions. Plaintiff vaguely alleges that "DiTommaso engaged in a business relationship with Meridian for the purpose of generating sales leads through telemarketing." Am. Comp. ¶ 43, ECF 16. The fact that a business relationship exists is not enough to establish agency. Plaintiff regurgitates the Restatement (Third) of Agency by alleging "[b]y having Meridian initiate the calls on its behalf to generate new business, DiTommaso 'manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control.'" Am. Comp. ¶ 46, ECF 16. Such allegations are wholly unsupported by facts.

The Second Amended Complaint does not allege, for instance, that DiTommaso directed and controlled Meridian's calling activities—such as by providing scripts, dialing lists, or any other instructions as to how calls were to be placed. For that matter, there are no allegations supporting the proposition that DiTommaso would control who Meridian would call or why. On these allegations, therefore, Plaintiff's claim fails. *Canary v. Youngevity Int'l, Inc*., No. 5:18-CV-03261-EJD, 2019 WL 1275343 (N.D. Cal. Mar. 20, 2019) (finding that "control over the content of an advertising call, without more, is insufficient to plead vicarious liability"). Plaintiff also does not Plaintiff does not allege that DiTommaso directed Meridian to make the call at issue. Instead, Plaintiff merely alleges that "DiTommaso accepted the benefits of Meridian's illegal telemarketing by taking live transfers of leads directly from Meridian." Am. Comp. ¶ 45, ECF 16.

Plaintiff's vague statements of general control, without factual support, are insufficient. As such, Plaintiff has failed to allege actual authority.

### 2. Plaintiff Has Not Sufficiently Alleged DiTommaso Is Liable Based Upon Apparent Authority.

"Apparent authority arises when the principal, either intentionally or by lack of ordinary care, induces third persons to believe an individual is his agent even though no actual authority, express or implied, has been granted to such individual." *Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940 (5th Cir. 1983) (citing *Lloyds Casualty Insurer v. Farrar*, 167 S.W.2d 221 (Tex.Civ.App.1942)); *see also* Restatement (Third) Agency § 2.03 (apparent authority is the power held by agent or other actor to affect principal's legal relations with third parties when third party reasonably believes actor has authority to act on principal's behalf and belief is traceable to principal's manifestations); Restatement (Third) Agency § 1.03 (person manifests assent or intention through written or spoken words or other conduct).

Here, the text messages alleged in the Second Amended Complaint do not mention DiTommaso by name. Am. Comp. ¶ 31-33, ECF 16. Plaintiff s. *Id*. at ¶¶ 61-62, ECF 17. In fact, Plaintiff concedes that the text message said "this is Remy Pastorelli with the RCN Group." Am. Comp. ¶ 31, ECF 16. Nowhere is it alleged that DiTommaso directed Meridian to make the phone call at issue. In short, without allegations that DiTommaso gave Meridian the authority to make illegal phone calls, it is not plausible that Plaintiff believed apparent authority existed. *Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co*., 263 F.3d 26, 33 (2d Cir.2001) (A party cannot claim that an agent acted with apparent authority when it "knew, or should have known, that [the agent] was exceeding the scope of its authority.").

### 3. Plaintiff Has Failed To Sufficiently Plead Facts To Allege Ratification.

"Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." *Hamm v. United States*, 483 F.3d 135, 140 (2d Cir. 2007)

13

(quoting Restatement (Second) of Agency § 82 (1958)). Ratification "requires that the principal have full knowledge of the facts and the choice to either accept or reject the benefit of the transaction." *NECA-IBEW Rockford Loc. Union 364 Health & Welfare Fund v. A & A Drug Co.*, 736 F.3d 1054, 1059 (7th Cir. 2013) (citing *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.,* 376 F.3d 664, 667 (7th Cir. 2004)).

Plaintiff makes no factual allegation that DiTommaso "knowingly" accepted any illegal benefits from Meridian. The Second Amended Complaint does not allege that DiTommaso had "full knowledge of the facts" including that Plaintiff was purportedly on the do-not-call list. Therefore, liability through a ratification theory is impossible here. *Rogers v. Postmates Inc.*, No. 19-CV-05619-TSH, 2020 WL 3869191 (N.D. Cal. July 9, 2020), appeal dismissed, No. 20-16529, 2021 WL 455321 (9th Cir. Jan. 15, 2021) (Bird Dog's actions sending texts in violation of the TCPA were not ratified because there was no allegation that Postmates knew about the plaintiff's lack of consent to receive such messages); *NECA-IBEW Rockford Loc. Union 364 Health & Welfare Fund v. A & A Drug Co.*, 736 F.3d 1054, 1059 (7th Cir. 2013) (Ratification "requires that the principal have full knowledge of the facts and the choice to either accept or reject the benefit of the transaction." (citing *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins*. Co., 376 F.3d 664, 667 (7th Cir. 2004)).

### 3. Plaintiff's TBCC § 305 claim should be dismissed pursuant to FRCP 12(b)(6), because Plaintiff did not plausibly allege a violation of the TCPA.

The Texas Business and Commerce Code prohibits a person from making a call or using an "automatic dial announcing device" for the purpose of making a sale if:

> (1) the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device.

TEX. BUS. & COM. CODE § 305.001. A claim may be brought under Section 305.001 if there is "a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A." TEX. BUS. & COM. CODE § 305.053. Therefore, given Plaintiff's inability to present plausible allegations establishing DiTommaso's direct or vicarious liability for the single call, this claim must also be dismissed.

    **4. Plaintiff's TBCC § 302.101 claim should be dismissed pursuant to FRCP 12(b)(6), because Plaintiff did not plausibly allege a violation of the TBCC.**

Plaintiff's claims under TBCC § 302.101 should be dismissed because Plaintiff's pleading does not plausibly state a claim for which relief can be granted. Under § 302.101, a seller is defined as a person who makes a telephone solicitation on the person's own behalf. TEX. BUS & COM. CODE § 302.101 (emphasis added). The term telephone solicitation is specially defined and limited to telephone *calls*. *See* Tex. Bus & Com. Code § 302.001(7) (emphasis added).

However, TBCC § 302.061 provides an exemption for isolating transactions, stating that the chapter does not apply to an "**isolated transaction**" and "is not done in the course of a pattern of repeated transactions of a similar nature." TEX. BUS & COM. CODE § 302.061 (emphasis added).

Here, Plaintiff's allegations fail to clearly demonstrate that DiTommaso is a "seller" as contemplated by TBCC § 302.101. Throughout the Second Amended Complaint, Plaintiff repeatedly alleges that Meridian, not DiTommaso, initiated the call at issue. While Plaintiff also alleges, without any evidence, that DiTommaso hired Meridian to "originate new business" Plaintiff does not clearly allege that DiTommaso made the telephone solicitations on its own behalf. This is a critical omission that warrants a dismissal of Plaintiff's TBCC § 302.101 cause of action. *Clewett v. Coverage One Ins. Group*, LLC, No. 4:23-CV-04461, 2024 WL 1962895, at

*2 (S.D. Tex. May 3, 2024) ("Section 302.101 does not apply, as [Plaintiff] would like me to hold, to a person who makes a telephone solicitation on behalf of someone else.").

Even if Plaintiff could prove that DiTommaso qualifies as a "seller", the "isolated transaction" exemption under TBCC § 302.061 precludes liability under the statute. Plaintiff alleges only one telephone call was made on February 29, 2024 by Meridian. Am. Comp. ¶ 25, ECF 16. The plain meaning of the term "isolated transaction" implies a single, sporadic event that is not part of a pattern or routine practice. *Cruz v. Abbott*, 849 F.3d 594, 599 (5th Cir. 2017) (holding that courts should rely on the "plain meaning of the text" when interpreting statutes). Here, Plaintiff's allegations involve a single, isolated telephone call that occurred on February 29, 2024. The Second Amended Complaint does not allege that a second telephone call was made. Accordingly, the isolated phone call fits squarely within the exemption because it does not rise to the level of "a pattern of repeated transactions of a similar nature." Tex. Bus & Com. Code § 302.061. Therefore, DiTommaso is not liable under TBCC § 302.101.

In short, Section 302.101 does not apply because Plaintiff did not clearly allege that DiTommaso made a telephone on its "own behalf" as contemplated by TBCC § 302.101. Additionally, even if Section 302.101 does apply, Plaintiff's alleges only one single telephone call was made on February 29, 2024, which falls squarely in the "isolated transaction" exemption under TBCC § 302.061. Accordingly, this Court should dismiss Plaintiff's cause of action under section 302.101 of the TBCC, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## V. CONCLUSION

For the reasons set forth in this Motion, Defendant DiTommaso Inc. respectfully requests this Court to enter an Order dismissing Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted.

Dated: July 22, 2024          Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Michael A. Harvey*
    **MICHAEL A. HARVEY**
    State Bar No. 24058352
    Federal ID No. 917759
    700 Milam Street, Suite 800
    Houston, Texas 77002
    Telephone:  (713) 222-4015
    Facsimile:  (713) 222-5834
    mharvey@munsch.com

    **ATTORNEY IN CHARGE FOR DEFENDANT DITOMMASO INC.**

**OF COUNSEL:**

**EARL L. INGLE**
State Bar No. 24097234
**MUNSCH HARDT KOPF & HARR, P.C.**
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: (713) 222-4075
eingle@munsch.com

17

**CERTIFICATE OF CONFERENCE**

In accordance with the Standing Order in Civil Cases Assigned to Judge Jason Pulliam, counsel for Defendant conferred with Plaintiff's counsel via email on June 12, 2024 to inform Plaintiff of the basis of this Motion. Plaintiff's counsel was also informed of the seven (7) day timeline for Plaintiff to consider filing an Advisory of Intent to file an amended complaint in accordance with the Standing Order. Plaintiff filed the Second Amended Complaint on June 25, 2024. Defendant's response deadline was thereafter extended to July 23, 2024. Because Defendant believes that the deficiencies remain uncured, this Motion was filed in accordance with the deadlines under Rule 12(a) per the Court's Standing Order.

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies that the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's electronic case filing system and/or by email on July 23, 2024.

*/s Earl L. Ingle*
Earl L. Ingle