IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ORTEGA §<br>    *Plaintiff*, §<br> §<br>v. §<br> § Case No. 5:24-cv-369-JKP-ESC<br>DITOMMASO INC., DATA KING OF §<br>NEW YORK INC., AND §<br>MERIDIAN SERVICES L.L.C. §<br>    *Defendants*. § | |

**DEFENDANT DITOMMASO INC.'S REPLY  IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO 12(b)(6)**

**TO THE HONORABLE COURT:**

Defendant DiTommaso Inc. ("DiTommaso") respectfully submits this Reply in Support of DiTomasso's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") and this Court's local rules. In support of its Motion, DiTommaso would show this Court, as follows:

### I.  INTRODUCTION

Plaintiff's Response in Opposition to DiTommaso's Motion is unavailing and fails to substantiate any claims under the Telephone Consumer Protection Act ("TCPA"). Plaintiff improperly attempts to transform one single phone call and two text messages – expressly consented to by Plaintiff – into a lawsuit, all without the requisite factual or legal foundation. Plaintiff's far-reaching conclusory allegations and factual inferences fall short of the facial plausibility standard under FED. R. CIV. P. 12(b)(6) for various reasons.

First, Plaintiff's Second Amended Complaint remains devoid of any allegations regarding the use of a "random or sequential number generator" in order to plausibly allege an Automatic Telephone Dialing System ("ATDS") claim under the TCPA. 47 U.S.C. § 227(b). Plaintiff's

1

attempt to assert allegations, *for the first time in his Response*, regarding the use of a "random or sequential number generator" is procedurally improper.

Second, Plaintiff improperly attempts to impose liability for a single phone call and two text messages that Plaintiff expressly requested. This isolated contact does not rise to the level of an actionable TCPA violation, especially when Plaintiff invited the text messages at issue. 47 U.S.C. § 227(c)(5).

Finally, Plaintiff's vicarious liability argument based on a vague "business relationship" is nothing more than shear speculation of an agency relationship. This alone is insufficient to demonstrate DiTommaso exercised any control over Meridian or was involved whatsoever in Meridian's decision to call Plaintiff.

In light of these deficiencies, Plaintiff's Second Amended Complaint does not state a claim upon which relief can be granted and should be dismissed.

## II. ARGUMENT AND AUTHORITY

**A. Plaintiff Failed to Allege The Use of "Random or Sequential" Number Generation Required to Plead an ATDS Claim In His Second Amended Complaint and Plaintiff's Attempt to Amend Through a Response Brief is Improper.**

Plaintiff's Second Amended Complaint remains defective because it neglects to allege the use of a "random or sequential" number generator necessary to assert a plausible ATDS claim under the TCPA. The provisions of the TCPA under which Plaintiff sued restricts calls to a party's cellular telephone: (i) utilizing an ATDS; or (ii) using an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A)(iii); 47 U.S.C. § 227(b)(1)(B). The TCPA defines an ATDS as equipment with the capacity both "to store or produce telephone numbers to be called, using a **random or sequential number generator**," and "to dial such numbers." 47 U.S.C. § 227(a)(1). The Supreme Court has made very clear that that, " in all cases, whether storing or producing numbers to be called, **the**

**equipment in questions must use a random or sequential number generator**" in order to assert an ATDS claim under the TCPA. *Facebook Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021). Absent essential factual allegations regarding the use a "random or sequential" number generator, Plaintiff cannot plausibly state an ATDS claim under the TCPA.

Specifically, Plaintiff's Second Amended Complaint fails to allege that the equipment used to place the call had the requisite capacity to generate random or sequential numbers, as required under the TCPA. The Second Amended Complaint does not mention, let alone substantiate the use of, a "random or sequential" generator – a fundamental requirement to allege an ATDS claim under the TCPA. Notably, the terms "random" and "sequential" do not appear anywhere in the Second Amended Complaint, nor does Plaintiff make any attempt to describe equipment capable of performing these functions. Instead, Plaintiff merely alleges that a "pause" occurred and the equipment used could store the numbers "automatically," which is insufficient to allege an ATDS claim:

> The distinct pause and delay before a live representative answered Plaintiff's call demonstrates that the dialing system used possessed the present capacity to store or produce telephone numbers and dial those numbers **automatically**. This shows that the system was working through a list of numbers and not operating under the direct control of a human caller for each individual call.

(Second Am. Com., ¶ 27)

Plaintiff's omission of the use of a "random or sequential" number generator is fatal to his ATDS claim. Merely holding that a "pause" existed and that the numbers could stored or produced "automatically" is insufficient in light of the Supreme Court's decision, which overturned the notion that an ATDS "need only have the capacity to store numbers to be called and to dial such numbers automatically." *Atkinson v. Pro Custom Solar LLC*, No. SA-21-CV-00178-OLG, 2022 WL 4071998, at *7 (W.D. Tex. Sept. 1, 2022) ("[W]hat is clear after *Duguid* is that a preproduced

3

list that is not sequentially generated or stored cannot be considered an ATDS under the TCPA.");[1] *see also Forteza v. Vehicle Serv. Dep't*, No. 3:23-CV-874-L-BN, 2024 WL 2868271, at *5 (N.D. Tex. Apr. 22, 2024) ("Moreover, after *Duguid*, alleging dead air when a phone call connects – without further facts that could show the use of ATDS – may not be enough to plausibly plead that " 'the equipment in question [used] a random or sequential number generator,' not merely auto-dial stored numbers.").

Plaintiff's reliance on *Libby v. Nat'l Republican Senatorial Comm.*, in his Response is misleading. 551 F. Supp. 3d 724, 729 (W.D. Tex. 2021).[2] In *Libby*, the plaintiff properly amended her complaint to comport with the Supreme Court's decision by specifically alleging she received calls and texts from an ATDS that "'calls phone numbers from a stored list using a **random or sequential** number generator to select those phone numbers.'" *Id.* (emphasis added). Accordingly, the court's decision in *Libby* hinged on the existence of this allegation, not merely the presence of an "automatic" generator or a "pause." *Id.* Here, in stark contrast, the Second Amended Complaint does not contain a single allegation or reference to a "random or sequential" generator. Plaintiff's failure to include such allegations is a glaring omission that warrants dismissal on this basis alone. *See also Salaiz v. Beyond Fin.,* LLC, No. EP-23-CV-6-KC, 2023 WL 6053742, at *2 (W.D. Tex. Sept. 18, 2023) (Plaintiff sufficiently alleged an ATDS claim by specifically pleading the use of a "random or sequential number generator" in its complaint).

---

[1] While the Court's decision in *Atkinson v. Pro Custom Solar*, addressed a Motion for Summary Judgment rather than a Motion to Dismiss, the Court's explanation regarding the Supreme Court's decision *Facebook v. Duguid* is instructive.

[2] The other cases cited in Plaintiff's Response relying on "dead air time" alone were decided years before the Supreme Court's decision in *Facebook Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021) and therefore are inapplicable. *See* Pl.'s Second Am. Com., at 5 (citing *Cunningham v. Nationwide Sec. Sols., Inc*., No. 3:17-CV-00337-M, 2017 WL 10486988, at *3 (N.D. Tex. Nov. 2, 2017), *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129-30 (W.D. Wash. 2012)).

Moreover, unlike the plaintiff in *Libby*, Plaintiff neglected to amend the Second Amended Complaint to include the necessary allegations to plausibly allege an ATDS claim. In accordance with this Court's Standing Order in Civil Cases, DiTommaso provided notice to Plaintiff of the basis for its Motion and gave Plaintiff ample opportunity to amend the complaint to properly allege an ATDS claim. Despite this opportunity, Plaintiff failed to take the necessary steps to correct the complaint's deficiencies. Plaintiff's failure to amend the complaint underscores the lack of diligence on Plaintiff's part and further justifies dismissal.

Additionally, Plaintiff's decision to introduce the crucial elements of an ATDS claim by alleging the use of "random or sequential" number generation for the first time in his Response in Opposition speaks volumes to the complaint's inadequacy. Pl.'s Resp., at 6, ECF 20. Plaintiff's attempt to introduce new allegations in its Response in Opposition is nothing more than a procedurally improper maneuver to sidestep the fatal omission in Plaintiff's complaint. Accordingly, Plaintiff should not be permitted to rewrite his pleading through a response brief.

Courts in the Fifth Circuit have consistently held that party cannot amend its complaint through arguments made in a response in opposition to a motion to dismiss. *Cepeda v. Emerald Corr. Mgmt. LLC*, No. EP-18-CV-150-PRM, 2018 WL 4999973, at *3, n. 4 (W.D. Tex. Aug. 28, 2018) ("Plaintiff cannot constructively amend her Amended Complaint through her Responses to the Motions to Dismiss."); *Elton Porter Marine Ins. Agency v. Markel Am. Ins. Co.*, No. CIV.A. H-11-4432, 2012 WL 2050254, at *2 (S.D. Tex. June 6, 2012) ("[I]t is insufficient to allege further facts in the response to the motion to dismiss; the factual matter must be contained in the pleadings themselves."); *Downs v. Liberty Life Assurance Co. of Boston*, No. CIV.A. 3:05-CV-0791R, 2005 WL 2455193, at *3 (N.D. Tex. Oct. 5, 2005) (stating that "a court ruling on a Rule 12 (b)(6) motion

to dismiss 'may not ... take into account additional facts asserted in a memorandum opposing the motion, because such memoranda do not constitute [sufficient] pleadings'").

Plaintiff's Second Amended Complaint does not allege the use of a "random or sequential" number generator as required by the TCPA. Given these deficiencies, Plaintiff cannot plausibly state a claim for relief under 47 U.S.C. § 227(b).

B.  **Plaintiff did not plausibly allege a violation of the TCPA's DNC prohibition Because Plaintiff Only Pleads Receipt Of Only One Phone Call And Invited Two Text Messages.**

Plaintiff's opposition attempts to manufacture a TCPA violation from a single phone call and two text messages explicitly requested by Plaintiff. However, the TCPA's Do Not Call ("DNC") provisions do not provide relief for claims based on a single isolated phone call, particularly where Plaintiff requested further communication via text message. 47 U.S.C. §227(c). Specifically, Section 227(c)(5) of the TCPA only authorizes suit when a Plaintiff receives *two or more calls* in violation of the FCC's DNC regulations within a one-year period. 47 U.S.C. §227(c).

Plaintiff's allegations do not support a claim under the TCPA's DNC provision because the statute is designed to address intrusive telemarketing practices, not isolated instances. Here, Plaintiff only alleges and identifies a single telephone call in his Second Amended Complaint that he received from another party, not DiTommaso. Am. Comp. ¶ 25, ECF 16. Plaintiff alleges that he answered "the" call on February 29, 2024, and that during "the" call Plaintiff spoke to Mr. Pastorelli regarding a line of credit. Am. Comp. ¶¶ 26-27, ECF 16. Plaintiff does not allege that any other telephone call was placed.

Moreover, Plaintiff cannot plausibly allege a DNC violation because he expressly invited the subsequent text communication. For example, in *Callier v. Optimum Solar USA*, No. EP-23-CV-00273-KC-MAT, 2024 WL 2044832, at *7 (W.D. Tex. Mar. 21, 2024), the court denied

default judgment because plaintiff failed to sufficiently plead a basis for a violation of the TCPA's DNC provision for communications plaintiff expressly invited. Similar to the standard under Fed. R. Civ. P. 12(b)(6), courts look to whether the pleadings provide a "sufficient basis for judgment." *Id.* at 2. (citations omitted). In *Callier*, the plaintiff received approximately nineteen (19) calls but conceded that on the eighteenth call he answered it in order to set up an appointment with defendant. The following day, the defendant called plaintiff back to verify the appointment and two days later plaintiff received a text message stating "this is [Defendant]. . . we spoke briefly a couple of days ago . . ." *Id.* at 1. The court explained that "telephone solicitations as defined by the TCPA do not include calls made with prior express permission or invitation." *Id.* at 7. The court further relied on the Federal Communications Commission ("FCC") for guidance on the definition of "express permission or invitation:"

> there is no indication that Congress intended that calls be excepted from telephone solicitation restrictions unless the residential subscriber has (a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services.

Accordingly, the court found that the plaintiff's "setting an appointment with the telemarketer constitutes an invitation for a telephone solicitation from [defendant]." *Id*. at 7. The court therefore found that the Plaintiff failed to plead enough to establish a sufficient basis under the TCPA's DNC provision. *Id.*

Like *Callier*, the two text messages ***were sent as a result of Plaintiff's request for DiTommaso's*** business information. Comp. ¶ 18, ECF 1. ("Plaintiff asked for Pastorelli to send the business's contact information via text message."). Because Plaintiff only pled receipt of a single telephone call from Meridian and two text messages – expressly requested by Plaintiff – he

7

has not plausibly stated a claim under the TCPA's DNC prohibitions for which relief may be granted. Accordingly, Plaintiff's Section 227(c) claim fails, and must be dismissed.

C.   **Plaintiff Fails to Sufficiently Allege that DiTommaso is Vicariously Liable For The Single Phone Call or Texts Placed By Meridian.**

Plaintiff's Response in Opposition fails to demonstrate how the Second Amended Complaint adequately alleges vicarious liability. Because only the entity that "initiates' a telephone call" can be directly liable under the TCPA, Plaintiff must sufficiently plead vicarious liability in order to state a plausible TCPA claim against DiTommaso. *Hunsinger v. Dynata LLC*, No. 3:22-CV-00136-G-BT, 2023 WL 2377481, at *5 (N.D. Tex. Feb. 7, 2023), report and recommendation adopted, No. 3:22-CV-0136-G-BT, 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023) (citing *In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C. Rcd. at 6582 ¶ 24 (2013) ("[W]e clarify that a seller is not directly liable for a violation of the TCPA unless it initiates a call, but [the seller] may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer.")).

To establish any agency relationship, Plaintiff must show that DiTommaso controlled or had the right to control Meridian's actions. The determination of vicarious liability hinges on the degree of **control** the principal exercises over its agent. *Horton v. Palmer Admin. Servs. Inc.,* No. 3:20-CV-3526-X-BN, 2021 WL 8014654, at *6 (N.D. Tex. June 8, 2021) (citing *Jones v. Royal Admin. Servs., Inc*., 887 F.3d 443, 450 (9th Cir. 2018); *Chinitz v. NRT West, Inc.*, No. 18-CV-06100-NC, 2019 WL 4142044, *4-5 (N.D. Cal. Aug. 30, 2019)). "To prove the existence of an agency relationship, the principal must have 'both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task.'" *Cunningham v. Daybreak Solar Power, LLC,* No. 4:22-CV-00599-O, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023) (citing *Callier v. SunPath Ltd*., No. EP-20-CV-00106-FM, 2020 WL

8

10285659, at *3 (W.D. Tex. Aug. 10, 2020) (quoting *Indian Harbor Ins. Co. v. Valley Forge Ins. Grp.*, 535 F.3d 359, 364 (5th Cir. 2008))).

Plaintiff's Second Amended Complaint does not allege that DiTommaso itself placed the phone call or sent the text messages at issue. Am. Comp. ¶ 25, ECF 16. Instead, Plaintiff generally alleges – without any elaboration or specific factual support – that "DiTommaso engaged in a business relationship with Meridian" and "DiTommaso accepted the benefits of Meridian's illegal telemarketing" Am. Comp. ¶¶ 43-46, ECF 16. Plaintiff further alleges that "DiTommaso failed to take effective steps within its power to force Meridian to cease calling consumers that were registered in the Do Not Call Registry" but fails to explain why or how this purported "power" originated or to what extent it applied. Am. Comp. ¶ 45, ECF 16. These allegations are wholly conclusory and represent nothing more than formulaic recitations of an agency relationship.

The Second Amended Complaint further does not contain any allegations of control or ratification that could support a plausible agency relationship. For example, the Second Amended Complaint does not allege that DiTommaso had "day-to-day control over" over the actions of Meridian nor does it allege that DiTommaso instructed Meridian on "what states to call, what hours to call, and what to say when the calls were answered." *Salaiz v. VSC Operations LLC*, No. EP-23-CV-423-KC, 2024 WL 3405601, at *3 (W.D. Tex. July 10, 2024) (agency relationship existed where plaintiff alleged defendant retained power to control telemarketing activities). Accordingly, there are no facts whatsoever suggesting that DiTommaso had authority – either actual or apparent – to control Meridian in any capacity let alone any knowledge of Meridian's telemarketing activities.

Plaintiff's speculative inference of control based on a vague "business relationship" is insufficient to establish vicarious liability. As a result, Plaintiff has not adequately alleged that

Meridian was acting as DiTommaso's agent and therefore Plaintiff has failed to state a claim under the TCPA.

### D.     Plaintiff Fails To Plausibly Allege a TBCC § 305 Violation.

Plaintiff's failure to present allegations establishing DiTommaso's direct or vicarious liability under the TCPA precludes Plaintiff from alleging a plausible claim under TBCC § 305. A claim may be brought under Section 305.001 if there is "a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A." Tex. Bus. & Comm. Code § 305.053. Therefore, given Plaintiff's inability to present plausible allegations establishing DiTommaso's direct or vicarious liability for the single call, this claim must also be dismissed.

### E.     Plaintiff Fails To Plausibly Allege a TBCC § 302.101 Violation.

In its Motion, DiTommaso explained that under § 302.101, a "seller" is defined as a person who makes a telephone solicitation on the person's own behalf. TEX. BUS & COM. CODE § 302.101 (emphasis added). Moreover, TBCC § 302.061 provides an exemption for isolating transactions, stating that the chapter does not apply to an "**isolated transaction**" and "is not done in the course of a pattern of repeated transactions of a similar nature." TEX. BUS & COM. CODE § 302.061 (emphasis added).

Courts in the Fifth Circuit have held that federal common law principles of agency apply to impute liability to the "seller" for calls made by a third party telemarketer only if sufficient facts are alleged to infer a principal-agent relationship. *See Johnson v. Palmer Admin. Servs., Inc.,* No. 6:22-CV-00121-JCB-KNM, 2022 WL 17546957, at *9 (E.D. Tex. Oct. 20, 2022) (stating that the plaintiff had "presented sufficient factual allegations" for the court "to infer the existence of a principal-agent relationship" between the telemarketer and the defendant); *Clewett v. Coverage One Ins. Group*, LLC, No. 4:23-CV-04461, 2024 WL 1962895, at *2 (S.D. Tex. May 3, 2024)

("[f]ederal common law principles of agency apply here ..., and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller.").

Because Plaintiff repeatedly alleges that Meridian, not DiTommaso, placed the call at issue, Plaintiff must plausibly allege the existence of an agency relationship in order to state a claim under § 302.101. For the reasons previously stated, Plaintiff cannot establish an agency relationship without alleging DiTommaso exercised control over Meridian's telemarketing activities. Plaintiff therefore cannot state a plausible claim under § 302.101 because DiTommaso is not a "seller" who initiates telemarketing solicitation on its own behalf.

Likewise, Plaintiff fails to rebut the "isolated transaction" exemption applies. Plaintiff only alleges one telephone call was made on February 29, 2024 by Meridian, which fits squarely within the "isolated transaction" exemption. Am. Comp. ¶ 25, ECF 16. Accordingly, this Court should dismiss Plaintiff's cause of action under section § 302.101 of the TBCC, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.    CONCLUSION

For the reasons set forth in this Reply and in DiTommaso's Motion, DiTommaso respectfully requests this Court enter an Order dismissing Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted.

Dated: August 27, 2024

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Michael A. Harvey*
    **MICHAEL A. HARVEY**
    State Bar No. 24058352
    Federal ID No. 917759
    700 Milam Street, Suite 800
    Houston, Texas 77002
    Telephone:  (713) 222-4015
    Facsimile:  (713) 222-5834
    mharvey@munsch.com

    **ATTORNEY IN CHARGE FOR DEFENDANT DITOMMASO INC.**

**OF COUNSEL:**

**EARL L. INGLE**
State Bar No. 24097234
**MUNSCH HARDT KOPF & HARR, P.C.**
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: (713) 222-4075
eingle@munsch.com

## CERTIFICATE OF SERVICE

    Pursuant to the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies that the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's electronic case filing system and/or by email on August 27, 2024.

    */s/ Michael A. Harvey*
    Michael A. Harvey