IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; | § § § § § § § § § § § § § § § | SA-24-CV-00369-JKP |
| *Plaintiff,* | | |
| vs. | | |
| DITOMMASO INC., DATA KING OF NEW YORK INC., MERIDIAN SERVICES, L.L.C., | | |
| *Defendants.* | | |

# **ORDER**

Before the Court in the above-styled cause of action is Meridian Services, LLC's Motion to Set Aside Default [#48]. By its motion, Defendant Meridian Services, LLC ("Meridian"), asks the Court to set aside the Clerk's Entry of Default entered on January 27, 2025. Meridian argues that it has not been properly served and therefore cannot be held in default. Plaintiff, who is proceeding *pro se*, asserts that Meridian was served via substitute service on August 26, 2025. Having reviewed the parties' filings and the record, the Court finds that the Florida Department of State accepted service on behalf of Meridian in August 2024, but Plaintiff has not established that Meridian was notified of the Florida Department of State's acceptance of substitute service prior to moving for a Clerk's entry of default. Accordingly, the Court will set aside the default. As Meridian has now entered an appearance in this action, the Court will allow it to defend this suit on its merits and will enter a deadline for the filing of a responsive pleading.

Plaintiff filed a motion for Clerk's Entry of Default on January 24, 2025, asserting that Meridian was properly served with the Second Amended Complaint and Summons on August

1

26, 2024 [#40].  Attached to the motion was a declaration by Plaintiff stating that a letter from the Florida Department of State Division of Corporations constituted proof of service [#39, #40].  The letter is dated August 27, 2024, and is addressed to Plaintiff's former attorney, Paulina Almanza.  The letter stated that substitute service was accepted for Meridian in this cause of action on August 26, 2024.  However, the letter also expressly stated that "the Secretary of State does not forward documentation to the defendant" and that "[a]ll inquires on behalf of this defendant should be made to the attorneys involved" [#39].  Moreover, the Florida Department of State website states that it will notify the plaintiff's attorney requesting substitute service of the acceptance of service but that "we do not serve the designated individual" and that the plaintiff's attorney "is responsible for notifying the defendant of an accepted substitute service of process."  *See* Florida Division of Corporations, available at https://dos.fl.gov/sunbiz/other-services/service-of-process-online/.  The notice issued by the Secretary of State to Plaintiff's prior attorney would have included "two acceptance letters"; "a copy of the summons"; and "a copy of the complaint" to be forwarded to Meridian.  *See id*.

According to Meridian, based on this letter and the Florida governmental website, the Florida Department of State makes it clear that Plaintiff's attorney—not the Secretary of State—was responsible for notifying Meridian of the acceptance of substitute service by email or other method, as well as a copy of the pleadings and summons.  The Court agrees.  "In order for substitute service to be effective and for the Defendant to be appropriately placed on notice, Plaintiff must notify the Defendant that the Florida Secretary of State has accepted service." *Heyward v. Deutsche Bank Nat'l Tr. Co. as Tr. for IndyMac INDX Mortg. Loan Tr. 2005-AR2, Mortg. Pass-Through Certificates Series 2005-AR2*, No. 8:20-CV-123-T-35AEP, 2020 WL 10353825, at *2 (M.D. Fla. Dec. 2, 2020).

Although Plaintiff requested issuance of summons as to Meridian c/o the Secretary of State on August 26, 2024 (and summons was issued), there is no indication on the docket that Plaintiff's attorney (prior to her withdrawal) or Plaintiff (once proceeding *pro se*) ever sent a copy of the Secretary of State letter, the Second Amended Complaint, and the Summons to Meridian prior to seeking a Clerk's Entry of Default on January 24, 2025. Plaintiff's response to Meridian's motion to set aside the Clerk's Entry of Default does not assert that Meridian was notified of an accepted substitute service of process but rather claims that Meridian admits to actual knowledge of this lawsuit. Plaintiff claims that Meridian has acted in bad faith and should not be permitted to defend this suit and instead should be subject to a default judgment.

Allowing Plaintiff to pursue a default judgment against Meridian is not appropriate under the circumstances. Default judgments are disfavored, and it is always preferred that a case be resolved on its merits. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F. 3d 933, 936 (5th Cir. 1999). The Florida Secretary of State accepted substitute service on behalf of Meridian on August 26, 2024. Although Meridian may not have been contemporaneously notified of the acceptance of service by the Florida Secretary of State, it is undisputed that it now has notice of this lawsuit and has entered an appearance in this case. The Court will therefore set aside the Clerk's Entry of Default and order Meridian to file a responsive pleading within 14 days.

**IT IS HEREBY ORDERED** that Meridian Services, LLC's Motion to Set Aside Default [#48] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default against Meridian be **SET ASIDE**.

**IT IS FINALLY ORDERED** that Meridian file a responsive pleading on or before **April 9, 2025**.

**IT IS SO ORDERED.**

SIGNED this 26th day of March, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE